**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Cornelio ARMENTA–JIMENEZ,
aka Cornelio A. Jimenez,
Defendant–Appellant.**

No. 06–10193.

United States Court of Appeals,
Ninth Circuit.

Submitted April 17, 2007 *.

Filed May 2, 2007.

Raynette M. Logan, U.S. Attorney's Office, Phoenix, AZ, for Plaintiff–Appellee.

Alex D. Gonzalez, Attorney at Law, Mesa, AZ, for Defendant–Appellant.

Before: SCHROEDER, Chief Circuit Judge, TROTT, Circuit Judge, and BENITEZ **, District Judge.

MEMORANDUM ***

Cornelio Armenta–Jimenez pled guilty to illegally entering the United States after having been previously removed. Armenta–Jimenez now alleges that the district court considered improper factors when it imposed his sentence. More specifically, Armenta–Jimenez argues that the district court impermissibly considered the following two factors: (1) Armenta–Jimenez's unwillingness to accept the government's plea agreement, and (2) false statements allegedly made by Armenta–Jimenez in his Motion To Dismiss Counsel And For Appointment Of New Counsel. We disagree.

Given the record before us, we cannot conclude that the district court considered improper factors when it imposed Armenta–Jimenez's sentence. The district court correctly calculated Armenta–Jimenez's sentencing range, indicated that the range was advisory, analyzed and rejected Armenta–Jimenez's departure arguments, and considered several of the sentencing factors set forth in 18 U.S.C. § 3553(a). The district court's discussion of (1) Armenta–Jimenez's refusal to accept the government's plea bargain, and (2) his false statements, was not a part of the court's explanation of the reasons for its sentence of 77 months. Armenta–Jimenez concedes this important point. Armenta–Jimenez's speculative argument—that the district court "must have" relied on these two factors when it later imposed the sentenced—is unpersuasive. *See United States v. Caperell,* 938 F.2d 975, 981 (9th Cir.1991). Moreover, even if the district court's discussion of the two factors had occurred at the time it imposed the sentence, the court's discussion in this case was substantively proper, *see* 18 U.S.C. § 3661, and necessary to respond to Armenta–Jimenez's arguments at the sentencing hearing, *see United States v. Rei-*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*na–Rodriguez,* 468 F.3d 1147, 1158 (9th Cir.2006).

**AFFIRMED.**